UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WALTER P. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-2502-JTM-TJJ |
| | ) |
| SHAWNEE MISSION MEDICAL CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Walter P. Walker, proceeding pro se, filed this action against Shawnee Mission Medical Center and nurse Camela Noonan-Green, asserting claims for medical malpractice, "attempted murder," and neglect. Plaintiff alleges that Defendants neglected Plaintiff's allergies to medications—listed in the medical records and verbally provided during an emergency room visit—which caused him unnecessary hospitalization in a mental hospital. In conjunction with the filing of his civil complaint, Plaintiff filed a motion requesting leave to proceed without prepayment of the filing fee under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). That motion was granted, but service of the summons and complaint was withheld pending review of whether the Court has subject-matter jurisdiction over this case.

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[1] A federal court must first satisfy itself that it has jurisdiction before proceeding in a case and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[2] Federal Rule of Civil Procedure 12(h)(3)

---

[1] *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).

[2] *Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995)

specifically provides that the court *must* dismiss the action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction.[3] The plaintiff bears the burden of showing that jurisdiction is proper,[4] and must demonstrate that the case should not be dismissed.[5]

There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331.[6] For a federal court to have diversity jurisdiction, the plaintiff must show the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between all plaintiffs and all defendants.[7] In this case, that means Plaintiff and all Defendants must be alleged to be "citizens of different States."[8]

An alternate basis for subject-matter jurisdiction is federal-question jurisdiction, in which the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[9] For a case to arise under federal law, the federal question must be

---

(citing *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).

[3] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[4] *Id.*

[5] *See Jensen v. Johnson Cnty. Youth Baseball League*, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993).

[6] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003), opinion reinstated in part, 440 F.3d 1227 (10th Cir. 2006).

[7] 28 U.S.C. § 1332(a).

[8] 28 U.S.C. § 1332(a)(1).

[9] 28 U.S.C. § 1331.

apparent on the face of a well-pleaded complaint, and the plaintiff's cause of action must be created by federal law or, if it is a state-law cause of action, its resolution must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action.[10]  The vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law—as opposed to state law—creates the cause of action.[11]

Plaintiff's complaint therefore must satisfy the requirements of diversity jurisdiction or raise a federal question in order for this Court to have jurisdiction over the case.  A review of the civil complaint filed by Plaintiff reveals that he is asserting diversity of citizenship as a basis for the Court's jurisdiction.  In the jurisdiction section of his complaint, Plaintiff alleges that he is a citizen of the state of Kansas, Defendant Shawnee Mission Medical Center is a corporation incorporated under the laws of the state of Kansas, and Defendant Noonan-Green is a citizen of the state of Kansas.[12]  Because Plaintiff and Defendants are citizens of the same state (Kansas), diversity of citizenship therefore cannot be the basis of subject-matter jurisdiction for this action.

The Court next considers whether it has federal-question jurisdiction. Plaintiff's complaint does not reference any Constitutional provision, law, or treaty of the United States under which this Court would have federal-question jurisdiction over this action under 28 U.S.C. § 1331. Although Plaintiff checked the box on the civil complaint form indicating this case arises

---

[10] *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) (citing *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808 (1986)).

[11] *Merrell Dow*, 478 U.S. at 808.

[12] *See* Civil Compl., ECF No. 1, at 2.

3

because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of the United States, Plaintiff's complaint fails to reference or cite any right, privilege, or immunity according to him as a United States citizen that has been violated by Defendants' alleged actions. The complaint alleges no other facts or legal authority which would support this Court having federal-question subject-matter jurisdiction over the case. Instead, it appears Plaintiff is asserting claims for medical malpractice or negligence against non-federal defendants, which would arise under state law, and therefore should be brought in state and not federal court.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's complaint and this case be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction.

## NOTICE OF TIME TO FILE WRITTEN OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Plaintiff is hereby informed that, **within 14 days** after being served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiff by certified mail.

IT IS SO ORDERED.

Dated July 22, 2016, at Kansas City, Kansas.

                                            *s/ Teresa J. James*
                                            Teresa J. James
                                            United States Magistrate Judge